UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TYRONE HUNTER #211351      CIVIL ACTION NO. 15-cv-2791

VERSUS      JUDGE FOOTE

NATHAN B. CAIN, II      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Tyrone Hunter ("Petitioner") was stopped by Shreveport police for a traffic offense, and the officers discovered drugs in his car. The Caddo Parish District Attorney charged Petitioner with one count of possession with intent to distribute marijuana and one count of possession with intent to distribute cocaine. Petitioner filed a motion to suppress that challenged the lawfulness of the traffic stop, and it was denied after a hearing. Petitioner then entered into a conditional plea agreement that resulted in 30-year concurrent sentences but allowed him to appeal the denial of his motion to suppress.

The trial court's denial of Petitioner's motion to suppress was affirmed on appeal. State v. Hunter, 62 So.3d 340 (La. App. 2d Cir. 2011), writ denied, 75 So.3d 921 (La.), cert. denied, 133 S.Ct. 254 (2012). Petitioner next pursued a post-conviction application in state court. He now seeks federal habeas corpus relief on a single claim: the trial court erred when it denied his motion to suppress. For the reasons that follow, it is recommended that the petition be denied.

**Relevant Facts**

Shreveport police were investigating a series of burglaries in the fairgrounds area. They had been given a description of suspects and were looking for two black men and one white woman. Two officers on patrol in the area saw a car driven by a black male with a white female passenger and, even though the car did not match a description of the suspect vehicles, decided to follow the car because it was near a business that had been burglarized.

The officers had to stop their marked police car at a red light, and the suspect car drove ahead but then had to stop to wait for a passing train. The driver made a U-turn across double yellow lines and drove away into the neighborhood. The officers believed that the driver had made the illegal U-turn to elude them. An officer in an unmarked car soon located the suspect car and radioed its location. The officers in the marked patrol car were able to find it and make a traffic stop on Linwood Avenue.

One officer approached the driver, who was identified as Petitioner, and asked for registration. When Petitioner opened the glove compartment, the officer saw a clear plastic bag that contained what appeared to be cocaine. Petitioner tried to conceal it as he dropped it on the floorboard. The second officer, on the passenger side of the car, also saw Petitioner drop on the floorboard a plastic bag of what looked like cocaine.

Once the officers saw the suspected drugs, Petitioner and his passenger were removed from the car. An officer retrieved the plastic bag from the floorboard and saw another bag located between the passenger seat and center console. That bag contained smaller bags that appeared to contain cocaine. The officer also found a brown paper bag of marijuana in a pocket on the back of the passenger seat.

Petitioner, acting pro se, and his appointed counsel filed motions to suppress. The facts related to the motions were fully developed at a hearing at which both officers testified. Tr. 123-57. Judge Craig Marcotte ruled from the bench that the search and seizures were lawful because the officers had probable cause to stop the car for an illegal U-turn and then observed suspected drugs in plain view. Tr. 160-61. The state appellate court affirmed in a reasoned opinion (Tr. 210-17), and the Supreme Court of Louisiana denied writs without comment. Tr. 239.

**Analysis**

    **A. Exhaustion of State Court Remedies**

An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The requirement is designed to give the state courts a first opportunity to correct alleged violations of federal rights. Baldwin v. Reese, 124 S.Ct. 1347, 1349 (2004). The State argues that Petitioner did not exhaust his state court remedies because he did not properly present his suppression claim in his writ application to the Supreme Court of Louisiana.

To exhaust state court remedies, a prisoner must fairly present his federal claim in each appropriate state court. This requires the prisoner to include the claim in an application to the state supreme court if that court has powers of discretionary review. O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999). The presentation of the claim may be made either on direct appeal or through a post-conviction application. Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). Petitioner did not pursue his suppression claim in his

post-conviction application, so he must rely on his direct appeal process to establish exhaustion.

Petitioner field a pro se writ application to the Supreme Court of Louisiana. The application stated that it was from the trial court's "failure to comply with Defendant's motion to suppress otherwise denial of such motion." He went on to argue that he needed to acquire "documents" related to the suppression hearing. The application is sparse, and it is at least debatable whether it satisfied the requirement of fairly presenting a federal claim to the state's high court. It is not necessary to decide that issue, however, because the claim is barred from habeas review under the doctrine of Stone v. Powell that is discussed below.

### B. Denial of Motion to Suppress

Petitioner's sole argument in his federal habeas petition is that the Fourth Amendment was violated when he was subjected to a traffic stop and had drugs seized from his car. Petitioner argues that the plain view doctrine requires that officers be in a lawful position to observe contraband. He contends that his U-turn while stuck waiting on a train did not justify the initial stop when the officers could not say why his U-turn was unsafe or contrary to state laws.

A federal habeas court is generally barred from reviewing Fourth Amendment claims. Stone v. Powell, 96 S.Ct. 3037 (1976). In Stone, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 96 S.Ct. at

3037. To satisfy the "opportunity for full and fair litigation" requirement, the state need only provide the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim. Stone bars federal habeas consideration of that claim whether or not the defendant employs those available processes. Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002).

The State has raised the Stone bar in its brief. The Fifth Circuit has held that the court is obliged to apply Stone even if it must be raised sua sponte. Davis v. Blackburn, 803 F.2d 1371 (5th Cir. 1986). The bar is fully applicable here. Louisiana law provides an opportunity for a full and fair litigation of Fourth Amendment claims, and Petitioner took full advantage of that process. He filed two motions, had an evidentiary hearing, received reasons from the trial court for the denial of his motion, litigated the issue on appeal, and received a reasoned appellate opinion. The federal court is now barred from considering his Fourth Amendment arguments on habeas review.[1] Petitioner presents no other claims for habeas relief.

---

[1] Subject to a few exceptions, a petitioner who has pleaded guilty may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Class v. United States, 138 S. Ct. 798, 803 (2018); Tollette v. Henderson, 93 S.Ct. 1602, 1608 (1973). A Fourth Amendment claim ordinarily may not be raised in a habeas proceeding following a plea of guilty because of "the simple fact that the claim is irrelevant to the constitutional validity of the conviction," which is the issue on habeas review. Haring v. Prosise, 103 S. Ct. 2368, 2377 (1983).
But when a conditional plea, such as the Crosby plea entered in this case, allows a defendant to challenge a suppression ruling on appeal in state court then he may also challenge the suppression ruling in a habeas petition. Lefkowitz v. Newsome, 95 S.Ct. 886 (1975). However, Stone distinguished Lefkowitz to the extent it includes Fourth Amendment claims by a habeas petitioner who was afforded an opportunity to litigate the claims in state court. Stone, 96 S.Ct. at 3045 n. 14. See Mitchell v. Superior Court for Santa Clara Cty., 632 F.2d 767, 771 n.1 (9th Cir. 1980); Brock v. Cain, 2018 WL 2171479

Accordingly,

It is recommended that Petitioner's petition for writ of habeas corpus be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a

---

(W.D. La. 2018); Nordahl v. Rivera, 2013 WL 1187478, **8-9 (S.D.N.Y. 2013); and Licari v. Dingle, 2006 WL 3827524, *10 (D. Minn. 2006). Thus, a prisoner who enters a conditional guilty plea may be able to challenge some suppression rulings in a habeas petition, but Fourth Amendment challenges are still subject to Stone's bar on habeas review.

certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      THUS, DONE AND SIGNED in Shreveport, Louisiana, this 20th day of November 2018.

Mark L. Hornsby
U.S. Magistrate Judge